STATE *ex rel.* FREELING, *Attorney General,* v. ERWIN,

County Treasurer.

No. 7064.  Opinion Filed July 27, 1915.

(150 Pac. 1103.)

TAXATION—Assessment—Duty of Treasurer.  Where a tax ferret was employed by the board of commissioners to assist the proper officers of Pontotoc county to discover property not listed and assessed for taxation for three certain years, and to cause the same to be listed therefor and the taxes thereon collected for a certain per centum of the amount collected, which he did, and after discovering certain of such property belonging to certain persons certified the same to the county treasurer, who thereafter notified them of the time and place when objections in writing to the proposed listing and assessment of their property

could be made, to which some of such persons protested and others did not, and where after the time had expired the county commissioners duly canceled the contract of the tax ferret, and ordered the treasurer to dismiss the proceedings, after which he was duly requested by the ferret to proceed, **held** that mandamus will lie at the suit of the state to compel the county treasurer so to do, and assess the property of those before him making no objections thereto, and to hear and determine whether the property of others so reported and objecting is subject to be listed and assessed for taxation.

(Syllabus by the Court)

### Original Proceeding in Mandamus.

Original petition by the State of Oklahoma, on the relation of S. P. Freeling, the Attorney General, for a writ of mandamus against R. H. Erwin, County Treasurer of Pontotoc County. Writ issued.

*S. P. Freeling,* Attorney General (*S. W. Hayes,* of counsel), for plaintiff.

TURNER, J. This is an original proceeding in mandamus, filed in this court January 4, 1915, by the state of Oklahoma, on relation of Charles West, Attorney General. The original writ and the return thereto disclose the facts to be:

That on May 4, 1914, the board of county commissioners of Pontotoc county entered into a contract in writing with one W. S. Kerr, a resident of that county, whereby the board contracted with and employed said Kerr to assist the proper officers of that county to discover property omitted from assessment and taxation for the years 1912, 1913, and 1914, and to cause the same to be duly listed for taxation and the taxes thereon collected, for a certain per centum thereof. That pursuant thereto said Kerr proceeded to and did discover property subject to taxation in said county for those years, belonging to a number of persons, resident of said county, among whom were W. L. Byrd and J. M. Keltner. That thereupon said

Kerr immediately reported the same to defendant, R. H. Erwin, as treasurer of Pontotoc county, and requested him, as such, to notify them as required by law within what time a protest might be filed by them against the assessment of taxes upon the property described in said notice belonging to them. That, in connection with the discovery of said property omitted from taxation and in the report of same to defendant, one J. P. Whittinghill rendered services to and aided the said Kerr, as an employee in a clerical capacity. That as to said Byrd said Kerr discovered that he had personal property consisting of cash, drafts, and credits subject to taxation in that county for the years 1912, 1913, and 1914, which had not been listed by him or assessed by said county for taxation, as follows: 1912, of the value of $12,000; 1913, of the value of $13,000; 1914, of the value of $14,000. That as to said Keltner said Kerr discovered that he owned and possessed certain personal property during those years subject to taxation in that county, which had not been listed or assessed any taxes paid thereon for 1912, of the value of $4,400. That thereupon said Kerr so certified to defendant, and, further, that various other persons had sums of money, credits, and other personal property of value during the years 1912, 1913, and 1914, or some of them, which had not been listed by the owners thereof or assessed by the county authorities, all of which were subject during said years to taxes in that county; that thereupon, to-wit, on July 14, 1914, defendant notified said Byrd in the manner provided by law of the date on which a hearing would be had on any written protest he might make against the assessment and collection of taxes against his aforesaid property for the years 1912, 1913, and 1914, and on August 5, 1914, likewise notified said

Keltner of the date on which a hearing would be had on any written protest he might file with the defendant against the assessment of his property so discovered for the taxes for the year 1912. That on October 20, 1914, after the notices had been duly served upon said Byrd and Keltner, and upon certain others whom it is conceded were certified by said Kerr to be the owners of property during said years subject to taxation in that county which had not been assessed and taxed during those years, came on to be heard before defendant county treasurer the recommendations of said Kerr as tax ferret that said omitted property of the said Byrd and the said Keltner and said divers other persons be assessed to the owners thereof in the amounts and for the years certified to by the said Kerr. That on said date, although the time provided in the notices given as stated had expired, none of them appeared, and all failed to file with the defendant, as county treasurer of Pontotoc county, any protest to the recommendations of said Kerr, as tax inquisitor. That said Kerr, as such, appeared and offered to introduce evidence and to show that the said Byrd and Keltner and the other persons notified had property during the years stated, in certain respective amounts, subject to taxation in that county, which had not been listed, assessed, or taxed therein, all of which the county treasurer failed and refused to hear, and determine, for the reason that on October 20th the board of county commissioners by proper proceeding had repudiated the contract theretofore existing between the board and said Kerr, and had ordered and directed the defendant to dismiss all the proceedings instituted by him or by said Whittinghill for the taxing of property in that county, or for the listing and assessment therein, which had been omitted for the years stated, and which had been certified by him to defendant, as stated.

Aside from the question of whether the board of county commissioners had the right to cancel the contract with the tax ferret as it did, we are of opinion that the board was without authority to order and direct the county treasurer to dismiss the proceedings before him for the assessment of the omitted property, and thereby remove such proceedings from his jurisdiction. The proceedings were properly before him, and it was the duty of the county treasurer to proceed to list and assess the omitted property of W. L. Byrd and J. M. Keltner, who had offered no objection thereto in writing nor any reason why the same, as returned by the tax ferret, should not be listed and assessed, and further proceed and hear all other cases before him in which such objection had been offered. In the absence of such objection, the law is plain. Rev. Laws 1910, sec. 7449, reads:

" * * * Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. * * * "

Which means that, if no such objections are made, the listing and assessing shall follow as of course. And it is no excuse for his failure to perform his plain statutory duty that the board of county commissioners had canceled the contract of the tax ferret and had ordered the county treasurer not to proceed in the premises. This for the reason that such order as to him was void, inasmuch as it is the statute, *supra,* and not the board of county commissioners, which prescribes his duty in the premises.

The county treasurer has filed no brief herein.

The writ will run.

All the Justices concur.